■ IN REM TAX FORECLOSURE ACTION NO. 49, BOROUGH OF MANHATTAN, SECTIONS 2, 3, 4, 5, 6, 7 & TAX CLASSES 1 AND 2. RAMASAR HOLDING, INC., Third-Party Plaintiff-Appellant, v NEW YORK CITY DEPARTMENT OF LAW et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [920 NYS2d 5]—

The motion court properly dismissed the counterclaims and third-party claims since Administrative Code of the City of New York § 11-409 (c) prohibits counterclaims in a tax foreclosure action brought pursuant to Administrative Code § 11-401 *et seq.* Appellant cannot avoid the import of section 11-409 (c) by recharacterizing its counterclaims and third-party claims as defenses. Nor can it avoid the prohibition on counterclaims in this action by casting the claims as third-party claims against various city agencies. Furthermore, these were not true third-party claims as provided in CPLR 1007 since they were not brought against "a person not a party" to this action. Administrative Code § 11-409 (c) would be rendered meaningless if a party to a tax foreclosure action could interpose affirmative causes of action as third-party claims rather than as counterclaims.

Because denominating the counterclaims and third-party claims as defenses would not actually change their character, the motion court properly denied the cross motion. To the extent the third-party claims were brought against entities unrelated to the City, the motion court properly exercised its discretion in dismissing those claims (*see* CPLR 1010).

We have considered appellant's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.